**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| E.B.M., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-cv-15642 |
| | ) | |
| RAMCO HEALTHCARE HOLDINGS, LLC, | ) | Hon. Jeremy C. Daniel |
| | ) | |
| Defendant. | ) | |

**<u>CONSENT JUDGMENT</u>**

This cause coming to be heard by this honorable Court on the agreed motion of Plaintiff,

E.B.M., Inc., and Defendant, Ramco Healthcare Holdings, LLC (collectively, "***Parties***"), for entry

of this Consent Judgment based on the Settlement Agreement entered into by all of the Parties, the

terms of which, including the terms of this Consent Judgment, were negotiated by the Parties with

the advice and consent of their respective counsel of record in this litigation.  Accordingly,

**THE COURT HEREBY ENTERS THIS FINAL CONSENT JUDGMENT:**

1.      This Court has personal jurisdiction over the Parties.

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(a)(1).

3.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C.

§ 1391(b)(2) and 28 U.S.C. § 1391(c)(2).

4.      The Parties acknowledge that they are not acting under any legal disability and, at

all times relevant hereto, have been represented by competent counsel of their own selection in

this litigation.

5. With respect to Count I (Breach of River Forest Service Contract-Building A) of the Complaint, the Parties consent, and the Court enters a money judgment in the amount of $18,105.78 and that, as provided for in the Building A Contract, Plaintiff is also entitled to recover all of its costs and expenses of litigation, along with its reasonable attorneys' fees, incurred in the prosecution and collection of amounts due under the Building A Contract.

6. With respect to Count II (Account Stated River Forest – Building A) of the Complaint, the Parties consent, and the Court enters a money judgment in the amount of $18,105.78 and that Plaintiff is entitled to interest on the unpaid Building A Invoices from July 1, 2022, through the date of this Consent Judgment at the of five percent (5%) per annum. (815 ILCS 205/2.)

7. With respect to Count III (Breach of Contract River Forest Service Contract – Building B) of the Complaint, the Parties consent, and the Court enters a money judgment in the amount of $24,078.58 and that Plaintiff is entitled to interest on the unpaid Building B Invoices from July 1, 2022, through the date of this Consent Judgment at the of five percent (5%) per annum. (815 ILCS 205/2.) Plaintiff is also entitled to recover all of its costs and expenses of litigation, along with its reasonable attorneys' fees, incurred in the prosecution and collection of amounts due under the Building B Contract.

8. With respect to Count IV (Account Stated River Forest – Building B) of the Complaint, the Parties consent, and the Court enters a money judgment in the amount of $24,078.58 and that Plaintiff is entitled to interest on the unpaid Building B Invoices from July 1, 2022, through the date of this Consent Judgment at the of five percent (5%) per annum. (815 ILCS 205/2.)

2

9. With respect to Count V (Breach of Contract River Forest Service Contract – Building C) of the Complaint, the Parties consent, and the Court enters a money judgment in the amount of $7,564.00 and that Plaintiff is entitled to interest on the unpaid Building C Invoices from July 1, 2022, through the date of this Consent Judgment at the of five percent (5%) per annum. (815 ILCS 205/2.) Plaintiff is also entitled to recover all of its costs and expenses of litigation, along with its reasonable attorneys' fees, incurred in the prosecution and collection of amounts due under the Building C Contract.

10. With respect to Count VI (Account Stated River Forest – Building C) of the Complaint, the Parties consent, and the Court enters a money judgment in the amount of $24,078.58 and that Plaintiff is entitled to interest on the unpaid Building C Invoices from July 1, 2022, through the date of this Consent Judgment at the of five percent (5%) per annum. (815 ILCS 205/2.)

11. Final Judgment is hereby entered against Defendant Count I (Breach of River Forest Service Contract – Building A), Count II (Account Stated River Forest – Building A), Count III (Breach of River Forest Service Contract – Building B), Count IV (Account Stated River Forest – Building B), Count V (Breach of River Forest Service Contract – Building C), and Count VI (Breach of Account Stated River Forest – Building C).

12. The Court hereby enters an award of $558.88 in costs and expenses in favor of Plaintiff.

13. The Court hereby enters a money judgment in favor of Plaintiff E.B.M., Inc. and against Ramco Healthcare Holdings, LLC in the amount of $87,088.00 consisting of (i) $66,000.00 in compensatory damages, (ii) $5,500.00 of interest, (iii) $15,000.00 of attorney's fees, and (iv) $588.00 in costs and expenses.

14. The Parties agree and stipulate that Plaintiff E.B.M., Inc. is entitled to recover post-judgment interest against Defendant on the total money judgment amount at the statutory rate of nine per cent (9%) per annum pursuant to 735 ILCS 2-1303(a) until paid in full.

15. The Defendant shall be deemed to have fully satisfied all payment obligations under this Consent Judgment if, and only if: (a) Defendant makes the payments set forth below to Plaintiff on a timely basis totaling $66,000.00 ("***Settlement Payments***"); (b) Defendant does not file for bankruptcy within ninety five (95) days after making all of the Settlement Payments set forth below; and (c) Defendant abides by all terms and conditions of the Parties' Settlement Agreement and this Consent Judgment.  The Settlement Payments totaling $66,000.00 shall be made as follows:

A. The Defendants shall deliver to Plaintiff the following installment payments ("***Installment Payments***") no later than the fifteenth (15th) day of each month, as stated below:

i. Eight Thousand Two Hundred Fifty and no/100 Dollars ($8,250.00), on or before May 15, 2024;

ii. Eight Thousand Two Hundred Fifty and no/100 Dollars ($8,250.00), on or before June 15, 2024;

iii. Eight Thousand Two Hundred Fifty and no/100 Dollars ($8,250.00), on or before July 15, 2024;

iv. Eight Thousand Two Hundred Fifty and no/100 Dollars ($8,250.00), on or before August 15, 2024;

v. Eight Thousand Two Hundred Fifty and no/100 Dollars ($8,250.00), on or before September 15, 2024;

vi. Eight Thousand Two Hundred Fifty and no/100 Dollars ($8,250.00), on or before October 15, 2024;

vii. Eight Thousand Two Hundred Fifty and no/100 Dollars ($8,250.00), on or before November 15, 2024;

viii. Eight Thousand Two Hundred Fifty and no/100 Dollars ($8,250.00), on or before December 15, 2024.

All of the foregoing Settlement Payments shall be delivered to Plaintiff via wire transfer or certified check (at the Defendant's sole cost). Plaintiff shall provide wire instructions to the Defendant upon request.

16. If Defendant (a) makes all of the Settlement Payments, totaling $66,000.00, to Plaintiff on a timely basis, (b) does not file for bankruptcy within ninety-five (95) days after making all of the Settlement Payments, and (c) abides by all terms and conditions of the Parties' Settlement Agreement and this Consent Judgment, then the Parties will file an agreed motion with the Court to vacate this Consent Judgment and Plaintiff will release all liens and/or mortgages made part of the Parties' Settlement Agreement.

17. Plaintiff shall forebear enforcement of this Consent Judgment during the time period that Defendant is making timely Settlement Payments to Plaintiff. Defendant shall have a five (5) business day cure period to make any of the Settlement Payments to Plaintiff, without additional interest accruing; however, Plaintiff shall have no obligation to provide any notice of default to the Defendants if any Settlement Payment is not paid on a timely basis.

18. If Defendant (a) files for bankruptcy protection, or (b) otherwise defaults in making any of the Settlement Payments to Plaintiff and Defendant fails to cure said default by making payment to Plaintiff within the five (5) business day cure period set forth above, then Plaintiff may immediately enforce this Consent Judgment against the Defendant for the full amount of this Consent Judgment less the amount of any Settlement Payments received by Plaintiff.

19. The Defendant acknowledges, agrees, and understands that this Consent Judgment is the product of negotiations between the Parties with the advice of their competent counsel, and that they have entered into this Consent Judgment knowingly, voluntarily, and intelligently. Except as otherwise set forth in this Consent Judgment, Defendant acknowledges, agrees, and

5

understands that it is knowingly, voluntarily, and intentionally waiving, relinquishing and giving up any and all rights to notice, an opportunity to be heard and/or to otherwise challenge, oppose, defend against, vacate, and/or appeal from the entry of this Consent Judgment.

20.     Plaintiff shall be awarded all of its reasonable attorneys' fees, costs, and expenses incurred the enforcement of this Consent Judgment against Defendant.

21.     This Consent Judgment is a final judgment order.

22.     The Court retains jurisdiction to enforce the terms of this Consent Judgment.


Dated: _____7/24/2024_____          _____
                                                                                **Judge Jeremy C. Daniel**


**AGREED TO BY THE PARTIES:**

**E.B.M., INC.**                                                          **RAMCO HEALTHCARE HILDINGS, LLC**


By: _____          By: _____
Its:  Chief Executive Officer                                Its:  Managing Member


        Dated: ____6/11/24_____          Dated: _____


**APPROVED AS TO FORM:**

/s/ Brian A. Bosch                                              /s/ Jorge V. Cazares
*Counsel for Plaintiff*                                        *Counsel for Defendant*

Antonio DeBlasio                                              Jorge V. Cazares
Brian A. Bosch                                                    Melody Saveall
DEBLASIO LAW GROUP LLC                          Tristan & Cervantes
1S660 Midwest Road, Suite 230                      150 North Wacker Drive, Suite 1550
Oakbrook Terrace, Illinois 60181                      Chicago, Illinois 60606
Tel. (630) 560-1123                                          Tel. (312) 345-9200
deblasio@dgllc.net                                          jcazares@tristancervantes.com
bosch@dgllc.net                                              msaveall@tristancervantes.com

6

understands that it is knowingly, voluntarily, and intentionally waiving, relinquishing and giving up any and all rights to notice, an opportunity to be heard and/or to otherwise challenge, oppose, defend against, vacate, and/or appeal from the entry of this Consent Judgment.

20.     Plaintiff shall be awarded all of its reasonable attorneys' fees, costs, and expenses incurred the enforcement of this Consent Judgment against Defendant.

21.     This Consent Judgment is a final judgment order.

22.     The Court retains jurisdiction to enforce the terms of this Consent Judgment.


Dated: _____          _____
                                                          **Judge Jeremy C. Daniel**


**AGREED TO BY THE PARTIES:**

**E.B.M., INC.**                               **RAMCO HEALTHCARE HILDINGS, LLC**

                                               DocuSigned by:
                                               *Rathnaker Reddy Patlola*
By: _____          By: __2B4AC89A128C4F7..._____
Its:  Chief Executive Officer                  Its:  Managing Member

Dated: _____          Dated: __6/11/2024_____


**APPROVED AS TO FORM:**

/s/ Brian A. Bosch                             /s/ Jorge V. Cazares
*Counsel for Plaintiff*                        *Counsel for Defendant*

Antonio DeBlasio                               Jorge V. Cazares
Brian A. Bosch                                 Melody Saveall
DEBLASIO LAW GROUP LLC                         Tristan & Cervantes
1S660 Midwest Road, Suite 230                  150 North Wacker Drive, Suite 1550
Oakbrook Terrace, Illinois 60181               Chicago, Illinois 60606
Tel. (630) 560-1123                            Tel. (312) 345-9200
deblasio@dgllc.net                             jcazares@tristancervantes.com
bosch@dgllc.net                                msaveall@tristancervantes.com

6